UNITED STATES of America, Plaintiff,

v.

Daniel Eugene FAUCETT, Defendant.

No. CR. 2:97–00147–01.

United States District Court,
S.D. West Virginia,
Charleston Division.

Jan. 15, 1998.

Steven I. Loew, Asst. U.S. Atty., Charleston, WV, for plaintiff.

Nathan Hicks, Jr., Charleston, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are Defendant's motions for release pending judicial proceedings and for disclosure of the presentence report of one he believes will be his co-defendant, and the issue of Defendant's competence to proceed as a Defendant in the case.

On January 13, 1998 came the Defendant, Daniel Eugene Faucett, in person and by counsel, Nathan A. Hicks, Jr. and Theodore R. Dues, Jr., and came the United States by Steven Loew, Assistant United States Attorney, for a hearing on the issue.

Regarding the motion for release, the Court's determination is guided by 18 U.S.C. §§ 3142, 3143 and 3144. *See Rule* 46(a) and (c), Federal Rules of Criminal Procedure. As more fully stated from the bench, the Court found Defendant failed to carry his burden necessary to grant the relief he requests. Accordingly, the Court **DENIED** the motion for release pending judicial proceedings.

 Regarding the motion seeking release of his alleged codefendant's presentence report (PSR), the Court notes "the constitution does not accord an accused the right of unrestricted access to the government's files." *Pennsylvania v. Ritchie*, 480 U.S. 39, 59, 107 S.Ct. 989, 94 L.Ed.2d 40 (1987).[1]

Specifically our Court of Appeals has stated "[p]resentence reports represent a special subcategory of potentially discoverable confidential information...." *U.S. v. Trevino*, 89 F.3d 187, 190 (4th Cir.1996). The Court in *Trevino* observed, however, "the confidentiality of PSRs has always been jealously guarded by the drafters of the Federal Rules, and by the federal courts." *Id.* at 192. The Fourth Circuit further noted, as the Supreme Court did previously, the wisdom of not disclosing routinely the contents of PSRs: " '[The first reason is that it] will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report. A second reason is the need to protect the confidentiality of the information contained in the report. Accordingly, courts have typically required some showing of special need before they will allow a third party to obtain a copy of the presentence report.' " *Id.* at 191. (quoting *United States Department of Justice v. Julian*, 486 U.S. 1, 12, 108 S.Ct. 1606, 100 L.Ed.2d 1 (1988)). The *Trevino* court imposed strict guidelines governing disclosure, raising a barrier even to the preliminary step of a district court reviewing the requested PSR *in camera:*

"We conclude that a district court is under no duty to conduct an *in camera* examination of a requested PSR unless the accused has clearly specified the information contained in the report that he expects will reveal exculpatory or impeachment evidence. Though the imposition of such requirement will not eliminate 'fishing expeditions' altogether, it may serve to curtail them.

Further, in light of the important policy concerns attendant to the preparation and use of PSRs, we are not confident that the *Ritchie* threshold standard of evaluating the accused's proffer of materiality and favorability adequately protects the compelling public and private interests in keeping confidential the data assembled therein; more than 'some plausible showing' is needed. *We therefore hold that, as a prerequisite to an in camera review, an accused must plainly articulate how the information contained in the PSR will be both material and favorable to his defense.*"

*Id.* at 192–193 (emphasis added).

While the circumstances in *Trevino* are somewhat distinguishable from those in this case, in which the Defendant has decided apparently to enter a plea of guilty, the principles underlying the need to protect the secrecy of PSRs remain equally compelling. The Court thus relies upon the *Trevino* standard in determining the propriety of release of the requested PSR. Defendant has failed to plainly articulate how the information contained in the PSR will be material and/or helpful to his continued defense of this case through sentencing. On the allegations presented, the Court accordingly **DENIES** Defendant's motion to disclose the presentence report of the putative associate in crime.

On a final note, the Court observes that it previously remanded Defendant to the custo-

1. Defendant has also requested a transcript of the sentencing hearing for William Sayles. Assuming such proceeding is not sealed by order of the presiding judicial officer, Defendant is granted access to the requested transcript.

dy of the United States Marshal for transport to a Bureau of Prisons facility for a medical determination of his competence. Based on the report prepared at the examining federal correctional institution, the Court finds and concludes the accused is competent to proceed with the defense of the charges. Defense counsel concurred in the Court's finding and conclusion.